1  Donald J. Reino,   SBN 93367
   NELSON MULLINS RILEY & SCARBOROUGH LLP
2  Jamboree Center
3  4 Park Plaza, Suite 1240
   Irvine, CA 92614
4  Telephone:  (714) 350-7334
5  Email: don.reino@nelsonmullins.com

6  *In Association with*
7  Julia A. Mouser, SBN 118059
   CANNON & NELMS
8  160 S. Old Springs Road, Suite 200
9  Anaheim, CA 92808
   Telephone: (714) 637-4400; Fax: (714) 637-4444
10 Email:  jmouser@cannonnelms.com

11 Attorney for Plaintiffs Barrett Purdum and Mike Armenta

12          IN THE UNITED STATES DISTRICT COURT
13      NORTHERN DISTRICT OF CALIFORNIA - WESTERN DIVISION
14

15 | BARRETT PURDUM and MIKE | Case No. |
16 | ARMENTA, | |
17 | Plaintiffs, | **COMPLAINT AND DEMAND FOR** |
18 | | **JURY TRIAL** |
19 | vs. | |
   | DAVID WOLFE, | |
20 | | |
21 | Defendant. | |
22

23

24                      **COMPLAINT**

25     Plaintiffs Barrett Purdum ("Purdum") and Mike Armenta ("Armenta") (collectively,

26 "Plaintiffs"), as and for their Complaint against defendant David Wolfe (hereinafter, "Wolfe" or

27 Defendant"), allege upon personal knowledge as to their own acts and as to events taking place in

28 their presence, and upon information and belief as to all other facts, as follows:

1

## NATURE OF THIS ACTION

2

3      1.      This is an action for declaratory judgment and trademark infringement.  As described

4    more fully below, Defendant is knowingly utilizing Plaintiffs' OLIVERS marks in commerce without

5    the permission or consent of Plaintiffs to sell and advertise certain clothing products.  Due to

6    Defendant's unauthorized use of the OLIVERS marks, Plaintiffs have and will continue to be

7    irreparably harmed unless such conduct is enjoined.

8

## JURISDICTION AND VENUE

9      2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and

10    1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws

11    of the United States and any act of Congress relating to trademarks, respectively.  In addition,

12    supplemental jurisdiction over related State law claims is conferred upon this Court by 28 U.S.C. §

13    1367(a).

14    3.      Defendant is subject to personal jurisdiction in this Court as he is a resident of

15    California, because Defendant has caused tortious injury to Plaintiffs' trademarks within California;

16    and because Defendant practices the unlawful conduct complained of herein within California.

17    Similarly, as Defendant's wrongful acts occurred in San Francisco, venue is proper in this judicial

18    district under 28 U.S.C. § 1391.

19

20

## PARTIES

21    4.      Plaintiff Barrett Purdum is an individual residing in San Francisco, California.

22    5.      Plaintiff Mike Armenta is an individual residing in San Francisco, California.

23    6.      Upon information and belief, Defendant David Wolfe is an individual residing in San

24    Francisco, California.

25

## BACKGROUND

26    7.      Plaintiffs Barrett Purdum and Mike Armenta are experienced clothing designers with

27    extensive experience in the manufacturing and resale of high end clothing products.

28

COMPLAINT AND DEMAND FOR JURY

1    8.    Given their expertise in the clothing industry, Plaintiffs sought to develop a new high

2    end line of athletic clothing.

3    9.    Plaintiff created, developed, and designed marks to be used in branding the clothing

4    line. These marks include, but are not limited to, the following:

**OLIVERS**
WHERE LIFE MEETS ACTION

11    (hereinafter, the "OLIVERS Marks").

12    10.    Plaintiffs have used the OLIVERS Marks on web assets, product tags, social media

13    content, and advertisements.

14    11.    Through advertising and other promotional efforts, Plaintiffs have ensured that their

15    marks have developed goodwill in the relevant apparel marketplace.

16    12.    Defendant is not, and never has been, authorized to use the OLIVERS marks without

17    the permission of Plaintiffs.

### DEFENDANT'S MISCONDUCT

19    13.    Plaintiffs and Defendant had planned to form a clothing company together. However,

20    that relationship soured, and Plaintiffs and Defendant are no longer conducting business together.

21    14.    Notwithstanding the soured relationship, Defendant is improperly using the OLIVERS

22    mark to advertise and form a competing clothing line company, including the registration of the

23    domain name, oliversapparel.com.

24    15.    Despite the souring of the failed business relationship, Defendant refuses to cease

25    from utilizing the OLIVERS marks to which he has no right to use.

COMPLAINT AND DEMAND FOR JURY

1 **SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT**

2       16.      Defendant's actions substantially harm Plaintiffs by causing confusion in the

3 marketplace.

4       17.      Defendant's actions deprive Plaintiffs of the opportunity to earn profits from the sale

5 of legitimate OLIVERS branded products to consumers.

6       18.      Defendant's actions substantially harm Plaintiffs and consumers who ultimately

7 purchase the Defendant's non-genuine, infringing apparel.

8       19.      Defendant's conduct results in customer confusion, as purchasers seeking to buy

9 products from Plaintiffs may instead purchase products from Defendant.

10 **COUNT I**

11 **TRADEMARK INFRINGEMENT**

12       20.      Plaintiffs hereby reallege each and every allegation contained in the foregoing

13 paragraphs as if fully set forth herein.

14       21.      Through Plaintiffs' use of the OLIVERS Marks, the marks have developed goodwill in

15 the minds of the consuming public. As a result of Plaintiffs' use, the OLIVERS Marks have become

16 widely associated with Plaintiffs, identify Plaintiffs as the source of their goods and services, and

17 represent the valuable goodwill of Plaintiffs among members of the consuming marketplace. The

18 goodwill associated with the OLIVERS Marks is a valuable asset that provides Plaintiffs with the

19 long term ability to compete in the apparel marketplace.

20       22.      Plaintiffs engage in interstate activities and online advertising designed to promote

21 their goods and services sold, as well as the goodwill associated with their OLIVERS Marks.

22       23.      By using and utilizing the OLIVERS Marks in his advertising, webpage, and products,

23 Defendant is engaging in unfair competition, falsely designating the origin of his goods and services

24 and/or falsely representing sponsorship by, affiliation with, or connection to, Plaintiffs and their

25 goods and services, in violation of 15 U.S.C. § 1125(a).

26       24.      By using and utilizing the OLIVERS Marks in his advertising, webpage, and products,

27 Defendant is using the OLIVERS Marks or a confusingly similar designation in connection with the

28 sale, offering for sale, distribution, and/or advertising of goods and services to the public, without

**COMPLAINT AND DEMAND FOR JURY**

1   Plaintiffs' consent, and Defendant is falsely designating the origin of his goods and services and/or

2   falsely representing sponsorship by, affiliation with, or connection to, Plaintiffs and thier goods and

3   services in violation of 15 U.S.C. § 1125(a).

4         25.    Accordingly, Plaintiffs are entitled to a judgment of three times their damages and

5   Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. §

6   1117(a).

7         26.    Plaintiffs have been, and continue to be, damaged by Defendant's activities and

8   conduct.  Defendant has profited thereby, and, unless his conduct is enjoined, Plaintiffs' reputation

9   and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or

10  compensated by money damages.  Accordingly, Plaintiffs are entitled to injunctive relief pursuant to

11  15 U.S.C. § 1116.

12  **RELIEF REQUESTED**

13      WHEREFORE, Plaintiffs prays for judgment in their favor and against the Defendant

14  providing the following relief:

15      A.  Enter judgment in favor of Plaintiffs and award just and proper damages;

16      B.  An order that damages be trebled, and attorneys' fees be awarded, all as provided for

17          under 15 U.S.C. § 1117;

18      C.  Award Plaintiffs their costs incurred in bringing this action;

19      D.  Award Plaintiffs prejudgment and postjudgment interest in the maximum amount allowed

20          under the law;

21      E.  Enter a permanent injunction restraining and enjoining Defendant and all of his agents,

22          servants, employees, successors and assigns, and all persons in active concert or

23          participation with him from utilizing the OLIVERS Marks; and

24      F.  All other relief as this Court deems just and proper.

25

26

27

28

**COMPLAINT AND DEMAND FOR JURY**

1                               **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby request trial by jury on all claims so triable.

3

4  Dated: October 16, 2013                    Respectfully submitted,
                                     Nelson Mullins Riley & Scarborough LLP

5                                      Cannon & Nelms, P.C.,

6

7                                     */s/ Donald J. Reino*

8                                      Donald J. Reino
                                     Julia A. Mouser

9                                      Attorneys for Plaintiffs
                                     Barrett Purdum and Mike Armenta,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY