```
1   Donald Reino (SBN 93367)
    NELSON MULLINS RILEY & SCARBOROUGH LLP
2   Jamboree Center
3   4 Park Plaza
    Suite 1240
4   Irvine, CA 92614
5   Telephone: 949.336.7223

6   Attorney for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRETT PURDUM, MICHAEL ARMENTA, MICHAEL MAHER, d/b/a OLIVERS APPAREL, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID WOLFE, d/b/a OLIVERS APPAREL, LLC<br><br>Defendant. | 4:13-cv-04816-DMR<br><br>**AMENDED COMPLAINT FOR:**<br>**1. Copyright Infringement**<br>**2. Trademark Infringement**<br>**3. Tortious Interference with Prospective Economic Advantage**<br>**4. Unfair Competition**<br>**5. False or Misleading Statements**<br>**6. Breach of Fiduciary Duty**<br>**7. Breach of Contract** |

**VERIFIED AMENDED COMPLAINT**

Plaintiffs Barrett Purdum ("Purdum"), Michael Armenta ("Armenta"), Michael Maher ("Maher"), d/b/a Olivers Apparel, LLC ("Olivers") (collectively, "Plaintiffs"), as and for their Amended Complaint against defendant David Wolfe d/b/a Olivers Apparel, LLC (hereinafter, "Wolfe" or "Defendant"), allege upon personal knowledge as to their own acts and as to events taking place in their presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1. This is an action for copyright and trademark infringement as well as several state law claims related to Defendant's acts of freezing Plaintiffs out of Olivers. As explained further herein, due to Defendant's unauthorized use of Plaintiffs' works and marks as well as his unfair and deceptive conduct, Plaintiffs have and will continue to be irreparably harmed unless such conduct is enjoined.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to copyrights and trademarks, respectively. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

3. Defendant is subject to personal jurisdiction in this Court as he is a resident of California, because Defendant has caused tortious injury to Plaintiffs' trademarks within California; and because Defendant practices the unlawful conduct complained of herein within California. Similarly, as Defendant's wrongful acts occurred in San Francisco, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Barrett Purdum is an individual residing in San Francisco, California.

5. Plaintiff Michael Armenta is an individual residing in San Francisco, California.

6. Plaintiff Michael Maher is an individual residing in San Francisco, California.

7. Olivers Apparel, LLC is a California Limited Liability Company, sixty percent (60%) owned by Purdum, Armenta, and Maher, with a principal place of business at 334 South Van Ness Avenue, San Francisco, California.

8. Upon information and belief, Defendant David Wolfe is an individual residing in San Francisco, California.

# BACKGROUND

9. Plaintiffs Purdum, Armenta, and Maher are clothing designers with extensive experience in the manufacturing and resale of high-end clothing products. They own and operate a successful clothing business, Taylor Stitch, LLC ("Taylor Stitch").

10. Taylor Stitch's business address is 334 South Van Ness Avenue, San Francisco, California – the same business address as Olivers.

11. Given their expertise in the clothing industry, Plaintiffs sought to develop a new high-end line of athletic clothing and came in contact with Defendant Wolfe to aid in the endeavor.

12. Wolfe had no individual experience in manufacturing clothing.

13. Plaintiffs sought his help for operations-related tasks related to Olivers.

14. After an initial exchange of ideas, Plaintiffs and Defendant Wolfe agreed that they would jointly move forward with plans for an athletic clothing venture.

15. As their first product for the new business, Purdum, Armenta, and Maher designed and created a men's athletic short.

16. Plaintiff Armenta individually created pictures, images, and descriptions of the short.

17. Additionally, Purdum, Armenta, and Maher created, developed, and designed marks to be used in branding the clothing line. These marks include, but are not limited to, the following:



(hereinafter, the "Olivers Marks").

18. Plaintiffs have used the Olivers Marks and other works on web assets, product tags, social media content, and also in print media including advertisements.

19. In building the goodwill associated with the Olivers Marks, Plaintiffs and Wolfe touted Plaintiffs' past success in founding the successful Taylor Stitch clothing store.

20. Through advertising and other promotional efforts using the pictures, images, descriptions, and marks they designed, Plaintiffs have ensured that these items have developed goodwill in the relevant apparel marketplace.

21. As part of this effort, Plaintiffs registered and designed pages for social media sites including Facebook, Twitter, Instagram, and Tumblr.

22. To aid the initial funding of Olivers, Plaintiffs and Wolfe decided to launch a campaign on Kickstarter, an online platform that allows users to raise funds for creative projects through pledges or donations. See www.kickstarter.com.

23. Plaintiffs and Wolfe established their Kickstarter page so that potential customers could make donations of varying amounts in exchange for products from their athletic line including the short and other promotional items like key chains.

24. As a result of Purdum, Armenta, and Maher's marketing efforts, the campaign raised over $270,000 in just thirty-one (31) days.

25. In order to formalize their corporate structure, Plaintiffs and Wolfe agreed to form a California Limited Liability Company named Olivers Apparel, LLC.

26. On July 31, 2013, Olivers was formed as a limited liability company with the California Secretary of State.

27. The articles of organization list Olivers' address as 334 South Van Ness Avenue – which is Taylor Stitch's business address.

28. Two weeks later, on August 13, 2013, Wolfe, Purdum, Armenta, and Maher agreed to certain "parameters" under which their new LLC would be governed.

29. On August 13, 2013, they agreed that Wolfe would own forty percent (40%) of the company, and Purdum, Armenta, and Maher would each own a twenty percent (20%) share.

30. So that no party could alienate or liquidate their individual interest during the first year, the parties also agreed that everyone's equity would fully vest over time.

31. The parties further agreed to parameters whereby each party received 50% voting rights as well as parameters concerning time commitments.

32. At no time did the parties agree that Wolfe would be the "sole" owner of the company as he now claims.

33. In late August, the business relationship among Wolfe, Purdum, Armenta, and Maher soured and no final Operating Agreement was executed between the parties.

34. As it became clear that Plaintiffs and Wolfe could not work together, negotiations began as to how to proceed with Olivers.

35. Purdum, Armenta, and Maher made Wolfe two offers via email.

36. In the first offer, Purdum, Armenta, and Maher offered to give full control of the company to Wolfe in exchange for, *inter alia*, sixty percent (60%) of the profits of the Kickstarter campaign.

37. In the second option, Purdum, Armenta, and Maher would keep the company and Wolfe would step away from the company but still receive five percent (5%) of the company moving forward as well as forty percent (40%) of the Kickstarter profits.

**DEFENDANT'S MISCONDUCT**

38. In response to these offers, Wolfe froze Purdum, Armenta, and Maher out of Olivers by claiming full ownership of the company and "terminating" Purdum, Armenta, and Maher from the company.

39. Next, Wolfe changed the passwords on the Kickstarter page, the company website, and all social media sites so that he alone could access and control Olivers.

40. Wolfe also transferred the $270,000.00 in Kickstarter funds to a bank account of which he is in sole possession and control.

41. Rather than negotiate a winding down of the joint venture, Wolfe decided instead that he is the sole owner of Olivers and that he could simply freeze Plaintiffs out of the company in which they have a 60% ownership interest.

42. On the Kickstarter page itself, Wolfe has been communicating and answering questions with backers as "David W, Barrett P, Mike M, Mike A" despite the fact that he has frozen Plaintiffs out of the business.

43. Answering questions as "Barrett P[urdum], Mike M[aher], Mike A[rmenta]" is unfair and deceptive as none of the Plaintiffs offered these answers and because Wolfe is falsely implying that Plaintiffs are still actively participating in this venture.

**SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT**

44. Defendant's actions substantially harm Plaintiffs by freezing them out of the early stages of a company in which they own 60% equity and 50% voting rights.

45. Defendant's actions deprive Plaintiffs of the opportunity to earn profits from the sale of legitimate Olivers branded products to consumers.

46. Defendant's conduct results in customer confusion, as the Olivers products were branded to the public as products coming from the founders of Taylor Stitch – an established, successful clothing company.

47. Additionally, Defendant's actions, which promote his own personal gain over that of the entity which he filed paperwork to form, have had a detrimental impact on the business and its majority-owning members.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

48. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. Armenta is the author and creator of certain pictures, images, and descriptions (hereinafter, the "Copyrighted Works").

50. Armenta has filed a registration for the Copyrighted Works at the United States Copyright Office.

51. Wolfe did not contribute in any way to the authorship or creation of the Copyrighted Works.

52. Armenta never executed any written documents assigning the Copyrighted Works to Wolfe, Olivers or to any other entity.

53. Wolfe is using the Copyrighted Works on various social media pages including, inter alia, Kickstarter, Facebook, Tumblr, and his own website, without the permission of Armenta.

54. On November 11, Armenta sent a cease and desist letter to Wolfe demanding that he remove the Copyrighted Works.

55. Wolfe used and continues to use the Copyrighted Works.

56. Wolfe is infringing upon the foregoing Copyrighted Works by reproducing, publicly displaying, and copying works that are identical or substantially similar to the Copyrighted Works.

57. Defendant's infringement is willful and deliberate.

58. As a result of Defendant Wolfe's infringement, Armenta has suffered and will continue to suffer irreparable injury. Armenta's remedy at law is not by itself adequate to compensate for the injuries inflicted by Defendant Wolfe.

59. Accordingly, Armenta is entitled to a judgment of three times his damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 17 U.S.C. § 504(c).

60. Alternatively, Armenta is entitled to statutory damages.

61. Unless enjoined, Defendant Wolfe will continue to infringe upon Armenta's protected Copyrighted Works.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement)

62. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. Through Plaintiffs' and Wolfe's use of the Olivers Marks, the marks have developed goodwill in the minds of the consuming public through the joint, rather than individual use, of the Oliver Marks. As a result of this joint use, the Olivers Marks have become widely associated with both Plaintiffs and Wolfe, identify Plaintiffs and Wolfe as the source of their goods and services, and represent the valuable goodwill of Plaintiffs and Wolfe among members of the consuming marketplace.

64. Plaintiffs and Wolfe promoted the Olivers Marks by touting that Plaintiffs were the founders and owners of Taylor Stitch – an established and successful clothing company. Thus, the

goodwill developed was based in part on the established track record of Plaintiffs in the clothing industry.

65. Indeed, it was on the shoulders of an advertising campaign centered around Plaintiffs' past clothing company successes, that $270,000 in orders were placed through Kickstarter by the consuming public.

66. Plaintiffs and Wolfe engaged in interstate activities and online advertising designed to promote their goods and services sold, as well as the goodwill associated with their Olivers Marks.

67. By freezing Plaintiffs out of the manufacture and operation of the Olivers business, consumers are not receiving the benefit that was advertised to them – i.e. the joint goodwill associated with all four founders. Instead, consumers will receive a product manufactured solely by Wolfe, an individual with no prior experience in the clothing manufacturing business.

68. Defendant cannot, as a matter of law, split the goodwill of the Olivers Marks and use the same for his individual gain.

69. By utilizing the Olivers Marks in his advertising, webpage, and products and not allowing Plaintiffs access to Olivers, Defendant is engaging in unfair competition, falsely designating the origin of his goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Plaintiffs and their goods and services, in violation of 15 U.S.C. § 1125(a).

70. By utilizing the Olivers Marks in his advertising, webpage, and products and not allowing Plaintiffs access to Olivers, Defendant is falsely designating the origin of his goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Plaintiffs and their goods and services in violation of 15 U.S.C. § 1125(a).

71. By contacting customers and answering questions as "David W, Barrett P, Mike M, Mike A" Defendant is falsely designating the origin of his goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Plaintiffs and their goods and services in violation of 15 U.S.C. § 1125(a).

72. Accordingly, Plaintiffs are entitled to a judgment of three times their damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

73. Plaintiffs have been, and continue to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless his conduct is enjoined, Plaintiffs' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

74. Alternatively, in order to protect the consuming public, the Court should order that the Olivers Marks be used jointly by Plaintiffs and Wolfe or not be used at all.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Prospective Economic Advantage)

75. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. Plaintiffs have economic relationships and have formed agreements with various entities to produce and distribute Olivers products. Defendant knew of these agreements and relationships. Such economic relationships contain the probability and expectation of current and future economic benefits to Plaintiffs, which relationships and expectations are and at all times have been known to Defendant Wolfe.

77. Defendant Wolfe has made false statements concerning the ownership of Olivers and its products and has attempted to disrupt the relationship of Plaintiffs with various entities involved in the production and distribution of the products they created.

78. Plaintiffs have lost business and customers as a result of Defendant's actions.

79. Plaintiffs are informed and believe that Defendant Wolfe has derived and received and will continue to derive and receive gains, profits, and advantages from his acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

80. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

81. Defendant Wolfe has engaged in unfair competition as defined in California Business and Professions Code § 17200, et seq.

82. Plaintiffs allege that Defendant's acts, as complained herein, constitute unfair competition under the common law and the statutes of California, particularly under the California Business and Professions Code § 17200, et seq.

83. Plaintiffs are informed and believe Defendant's actions are and will continue to be willful and deliberate.

84. Because of Defendant Wolfe's unfair competition, Plaintiffs have suffered and will continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law. Plaintiffs are informed and believe that Defendant Wolfe's acts will continue unless enjoined by this Court.

85. Plaintiffs are informed and believe that Defendant Wolfe has derived and received and will continue to derive and receive gains, profits, and advantages from his acts of unfair competition.

## FIFTH CLAIM FOR RELIEF
### (False or Misleading Statements)

86. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

87. This is a claim for false or misleading statements and arises under California Business and Professions Code § 17500.

88. Plaintiffs are informed and believe that Defendant Wolfe's acts, as complained of herein, constitute false or misleading statements under California Business and Professions Code § 17500.

89. Plaintiffs are informed and believe that Defendant Wolfe's false or misleading statements were and continue, to be willful and intentional.

90. Plaintiffs are informed and believe that Defendant Wolfe's false or misleading statements will continue unless enjoined by this Court.

91. Because of Defendant's false or misleading statements, Plaintiffs have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

92. Plaintiffs are informed and believe that Defendant Wolfe has derived and received, and will continue to derive and receive, gains, profits and advantages from his false or misleading statements.

### SIXTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

93. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

94. As a member of Olivers, Defendant Wolfe owes a fiduciary duty to the company and its other members as outlined in California Corporations Code §§ 17153, 16404(b)(1)-(3) & (c).

95. Through his actions complained of herein, Defendant Wolfe has breached this fiduciary duty by placing his personal economic interests above those of the limited liability company and its members.

96. Plaintiffs are informed and believe that Defendant Wolfe's fiduciary violations were and continue to be willful and intentional.

97. As a result of Defendant Wolfe's fiduciary violations, Plaintiffs suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF

### (Breach of Contract)

98. Plaintiffs hereby reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

99. On August 13, 2013, Plaintiffs and Defendant entered into a contract entitled "Olivers Operating Agreement Parameters Agreed to on 8/13/2013."

100. In the contract, Plaintiffs were each individually granted 20% equity in Olivers.

101. Plaintiffs therefore own 60% of Olivers.

102. Plaintiffs were also granted 50% of the voting rights for Olivers.

103. As a result of Defendant's actions explained herein, Defendant has breached this agreement by attempting to freeze Plaintiffs out of a company they own 60% of and in which they have a 50% voting right.

104. As a result of Defendant's breaches, Plaintiffs suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment in their favor and against the Defendant providing the following relief:

    A. Enter judgment in favor of Plaintiffs and award just and proper damages;

    B. An order that damages be trebled, and attorneys' fees be awarded, all as provided for under 17 U.S.C. § 504;

    C. An order that damages be trebled, and attorneys' fees be awarded, all as provided for under 15 U.S.C. § 1117;

    D. Award Plaintiffs their costs incurred in bringing this action;

    E. Award Plaintiffs prejudgment and postjudgment interest in the maximum amount allowed under the law;

    F. Enter a preliminary and then permanent injunction restraining and enjoining Defendant and all of his agents, servants, employees, successors and assigns, and all persons in active concert or participation with him from utilizing the Olivers Marks and Copyrighted Works;

    G. Enter a preliminary and then permanent injunction ordering that the goodwill associated with the Olivers Marks cannot be split amongst several parties; and

    H. All other relief as this Court deems just and proper.

## **JURY TRIAL CLAIM**

Plaintiffs hereby request trial by jury on all claims so triable.

| | |
|---|---|
| | Respectfully submitted, |
| | Barrett Purdum, Michael Armenta, Michael Maher, and Olivers Apparel, LLC, <br> by their attorney, |
| | */s/ Donald Reino* <br> Donald Reino (SBN 93367) <br> don.reino@nelsonmullins.com <br> Nelson Mullins Riley & Scarborough LLP <br> Jamboree Center <br> 4 Park Plaza <br> Suite 1240 <br> Irvine, CA 92614 <br> Telephone:  949.336.7223 |
| Dated: November 13, 2013 | |

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: November 13, 2013

*/s/ Donald Reino*
Donald Reino (SBN 93367)
Nelson Mullins Riley & Scarborough LLP

**VERIFICATION**

We, Barrett Purdum, Michael Armenta, and Michael Maher, citizens of the United States and residents of the State of California, are majority owners of Olivers Apparel, LLC, a California limited liability company. We have read the foregoing Verified Complaint and declare under penalty of perjury under the laws of the United States of America that the foregoing factual averments are true and correct to the best of our knowledge and belief.

Executed this 12 day of November, 2013, in San Francisco, California.

_____
Barrett Purdum

_____
Michael Armenta

_____
Michael Maher