IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT PURDUM ET AL, | No. C 13-04816 DMR |
| Plaintiffs, | **ORDER RE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [DOCKET NO. 60]** |
| v. | |
| DAVID WOLFE dba OLIVERS APPAREL, LLC, | |
| Defendant. | |

Before the court is Plaintiffs Barrett Purdum, Michael Armenta, and Michael Maher's motion for leave to file a Second Amended Complaint. [Docket No. 60.] The court held a hearing on July 31, 2014. For the reasons stated below, Plaintiffs' motion to amend is granted in part and denied in part.

**I. Background**

**A.    Allegations in First Amended Complaint**[1]

This case involves a dispute regarding the ownership and control of Olivers Apparel, LLC ("Olivers"), a San Francisco start-up specializing in the manufacture and retail of high-end men's shorts. Plaintiffs are clothing designers who own and operate Taylor Stitch, LLC, an established men's clothing company in San Francisco. (First Am. Compl. ("FAC") ¶ 9.) Plaintiffs allege that

---

[1] For purposes of this motion, the court considers only Plaintiffs' allegations, which must be taken as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

they wanted to develop a new high-end line of athletic clothing and sought Defendant Wolfe's help with operations-related tasks for the endeavor. (FAC ¶ 11.) After agreeing to move forward with Defendant with plans for the venture, Plaintiffs developed a men's athletic short and created pictures, images, and descriptions of the product. (FAC ¶¶ 13-16.) In order to raise funds for the new venture, Plaintiffs and Defendant launched a campaign on Kickstarter, an online funding platform, raising over $270,000 in 31 days. (FAC ¶¶ 23-24.)

The parties agreed to form Olivers as a California limited liability company (LLC). On August 13, 2013, in order to formalize the business structure, Plaintiffs and Defendant entered into an agreement ("Agreement") which detailed the governance of the new LLC. (FAC ¶ 28.) The Agreement states that Defendant owns forty percent of the company and that Plaintiffs each own twenty percent. (FAC ¶ 29.) According to the Agreement, Defendant received fifty percent of the voting rights and Plaintiffs collectively received fifty percent voting rights. (FAC ¶ 31.) The parties' business relationship began to unravel in late August 2013. According to Plaintiffs, the parties began negotiations regarding their respective future involvement with Olivers as it became clear that Plaintiffs and Defendant would not be able to work together. (FAC ¶¶ 33, 34.) Plaintiffs state that they made two offers to Defendant that would have allowed the parties to end their partnership. In the first, Plaintiffs offered Defendant full control of the company in exchange for sixty percent of the Kickstarter profits, and in the second, Plaintiffs offered Defendant five percent of the company's profits going forward and forty percent of the Kickstarter profits in exchange for Defendant walking away from Olivers. (FAC ¶¶ 36-37.) Plaintiffs allege that Defendant responded to their offers by changing the passwords on the Kickstarter page and other websites, effectively locking out Plaintiffs from Olivers. (FAC ¶¶ 38-39.) Defendant also transferred the Kickstarter funds to a bank account that only he controlled. (FAC ¶ 40.) Plaintiffs allege that Defendant is now in sole control of Olivers and has been communicating with Olivers' Kickstarter backers under Plaintiffs' names. (FAC ¶¶ 39, 42.)

On October 16, 2013, Plaintiffs filed a complaint against Defendant alleging a single claim for trademark infringement. (Compl. ¶ 1.) On November 13, 2013, Plaintiffs filed the FAC, bringing seven causes of action against Defendant: (1) copyright infringement; (2) trademark

infringement; (3) tortious interference with prospective economic advantage; (4) unfair competition; (5) false or misleading statements; (6) breach of fiduciary duty; and (7) breach of contract.[2]

**B.    Proposed Second Amended Complaint**

On March 26, 2014, the court issued orders setting May 23, 2014 as the last day to amend the pleadings and directing the parties to address in their amended pleadings those claims and remedies that would lead to a determination of the parties' ownership interests in Olivers. [Docket Nos. 55 (March 26, 2014 Order), 56 (Minute Order).] Plaintiffs timely filed the present motion. The proposed Second Amended Complaint (SAC) adds claims against Defendant for (1) breach of partnership agreement; (2) unjust enrichment; (3) conversion; and (4) declaratory relief. (Proposed SAC.) In addition, Plaintiffs seek to add Defendant's counsel Enenstein & Ribakoff, APC ("E&R") as a defendant and to bring a claim of conversion against E&R. (Proposed SAC ¶ 124.)

Plaintiffs add new factual allegations in the proposed SAC relevant to the new claims against Defendant and E&R. Plaintiffs now allege that Defendant used "some material portion of the Kickstarter funds" for his own personal benefit, which harmed Olivers. (Proposed SAC ¶¶ 42, 53.) More specifically, Plaintiffs allege that Defendant used the funds to "pursue [his] own personal interest and agenda" by paying his legal fees related to this lawsuit. (Proposed SAC ¶ 46.) Based on information and belief, E&R accepted the funds and was fully aware that the funds paid to it by Defendant did not belong to him but instead belonged to Olivers. (Proposed SAC ¶¶ 47-48.) Plaintiffs further state that Defendant and E&R continue to benefit from property that belongs to them as the majority-owning members of Olivers. (Proposed SAC ¶ 54.) Moreover, Plaintiffs have not received any compensation for their share of the work in launching the company, even though they jointly founded it. (Proposed SAC ¶¶ 113-16.) Instead, Defendant not only refuses to distribute funds to Plaintiffs, but is using the funds for his own benefit. (Proposed SAC ¶¶ 121-22.)

## II.  Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter

---

[2] On October 15, 2013, Olivers filed suit in this Court against Purdum, Armenta, and Maher. Olivers' claims are based upon its allegations that following the termination of the parties' business relationship, Purdum, Armenta and Maher interfered with Olivers' contracts and business operations. *Olivers Apparel, LLC v. Purdum et al.*, N.D. Cal. Civ. Case No. C-13-5284 DMR.

3

1  of course, at least until the defendant files a responsive pleading.  After that point, leave to amend
2  should be granted unless amendment would cause prejudice to the opposing party, is sought in bad
3  faith, is futile, or creates undue delay.  Fed. R. Civ. P. 15(a).  Rule 15(a) provides that the court
4  should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be
5  applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
6  Cir. 2003) (quotation omitted).  In the absence of an "apparent reason," such as undue delay, bad
7  faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure
8  deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to
9  refuse to grant leave to amend a complaint.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed
10 Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).  These factors do not
11 "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the
12 greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  "Granting leave to amend does not
13 necessarily mean that the underlying allegations ultimately have merit."  *FlatWorld Interactives LLC
14 v. Apple Inc.*, 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013).  "Rather,
15 '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a
16 *presumption* under Rule 15(a) in favor of granting leave to amend.'"  *Id.* (quoting *Eminence Capital*,
17 316 F.3d at 1052).

### III. Discussion

19     Defendant opposes some, but not all of Plaintiffs' motion.  Defendant opposes the motion to
20 the extent it seeks to add E&R as a defendant and to bring conversion claims against Defendant and
21 E&R.  The court will address each new proposed claim in turn.

22 **A.     Breach of Partnership Agreement**

23     Plaintiffs seek to add a claim for breach of partnership agreement, which Defendant does not
24 oppose.  At the hearing, Plaintiffs' counsel clarified that this claim is not duplicative of the existing
25 breach of contract claim, as it provides an alternative theory of recovery if the trier of fact finds that
26 there was no valid contract between the parties.  Accordingly, the court grants Plaintiffs leave to
27 amend the FAC to allege this claim.

28 **B.     Unjust Enrichment**

4

Plaintiffs next seek to add a claim for unjust enrichment. Defendant does not oppose this claim. However, unjust enrichment is not an independent cause of action under California law; it is a restitution claim. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (finding that California law does not recognize unjust enrichment as an independent claim; collecting cases); *Maples v. SolarWinds, Inc*., No C 12-6066 SBA, --F. Supp. 2d--, 2014 WL 2860848, at *8 (N.D. Cal. June 20, 2014) (stating that unjust enrichment is a quasi-contract claim that "does not describe a theory of recovery, but an effect; the result of a failure to make restitution under circumstances where it is equitable to do so"). Plaintiffs may seek compensation under an unjust enrichment theory based upon their existing claim for breach of contract. *See Maples*, 2014 WL 2860848, at *8 (citing *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 939 (2009)). Therefore, as denial of leave to amend to add this claim will not preclude Plaintiffs' recovery on this theory, leave to amend the FAC to add an unjust enrichment claim is denied.

**C.    Conversion Claim Against Defendant Wolfe**

Plaintiffs seek leave to amend the FAC to add a conversion claim against Defendant Wolfe. Plaintiffs' conversion claim against Wolfe is based upon his alleged wrongful taking of Olivers' funds to pay for legal services provided by E&R in order "to pursue Wolfe's own personal interest and agenda through litigation." (Proposed SAC ¶ 127.) Wolfe opposes this claim, arguing that it is futile and unduly prejudicial. In addition, Wolfe asserts that the proposed amendment violates the court's March 26, 2014 order regarding amendment of the pleadings. The court will address each argument in turn.

**1.    Futility**

To determine whether an amended claim is futile, the proper test is identical to the one used when considering the sufficiency of a pleading challenged under Federal Rule of Civil Procedure 12(b)(6). *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint,"

5

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case where there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Conversion is "any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein." *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) (citing *Igauye v. Howard*, 114 Cal. App. 2d 122, 126 (1952) (quotation marks omitted)). The "elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 544 (1996). Wolfe argues that Plaintiffs have failed to properly plead the first and third elements.

Plaintiffs allege that "[a]ll gains, profits, income, and revenue generated as a result of Olivers' business is the property of Olivers." (Proposed SAC ¶ 125.) Based upon the Agreement, Plaintiffs are majority-owning members of Olivers and are collectively entitled to 60% of Olivers' property. (Proposed SAC ¶ 126.) Therefore, Plaintiffs claim that they have a right to possession of at least some of Olivers' monetary assets, thereby satisfying the first element of the claim.

In response, Defendant argues that Plaintiffs' claim fails because they cannot show that they have an exclusive interest in Olivers' funds; at best, according to Defendant, Plaintiffs only have an ownership interest in a portion of Olivers. Accordingly, Defendant argues that Plaintiffs' failure to plead an exclusive property interest in Olivers' funds bars their conversion claim, citing *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2002). In *Kremen*, the Ninth Circuit set forth a three-part test to determine whether a property right exists for purposes of a conversion claim: "first, there must be an interest capable of precise definition; second, it must be capable of exclusive possession or control; and third, the putative owner must have established a legitimate claim to exclusivity." *Id.* (citation and quotation marks omitted). However, Defendant's argument that *Kremen* imposes an

exclusivity requirement here is inapposite because the *Kremen* factors are used to determine whether a party may claim an ownership interest in intangible goods, not the tangible property at issue in this case. *See id.* at 1029-30 (considering property right in domain names); *Low*, 900 F. Supp. 2d at 1030 (considering property right in browsing history and "other personally identifiable information"); *see also HP Debt Exch. LLC v. Wells Fargo Bank N.A.*, No. C-13-04717 EDL, 2014 WL 574600 at *8 (N.D. Cal. Feb. 12, 2014) (finding three-part *Kremen* test used to determine an ownership right of intangible property did not apply to mortgage loan documents because they were tangible property). As in *Oakdale*, where the court found that a business partner could be liable for converting funds from a business partnership even though none of the partners exclusively owned the interest in the partnership's property, Plaintiffs sufficiently allege that Wolfe converted funds that belonged to Olivers. *See Oakdale*, 43 Cal. App. 4th at 545.

Wolfe also argues that Plaintiffs have failed to properly allege damages in the form of a "specific, identifiable sum" which is required when money is the subject of conversion. *See McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1491 (2006). Plaintiffs respond that they have stated the definite sum of $270,000 in Kickstarter funds that Wolfe unilaterally converted, an amount that included their shares. Furthermore, Plaintiffs assert that they cannot state a more specific amount because Wolfe controls Olivers' financial records to which Plaintiffs do not have access. Because Plaintiffs allege an identifiable amount and will be able to name a more precise amount through discovery, they have sufficiently pleaded the element of damages. *See, e.g.*, *Trustees of the S. Cal. Pipe Trades Health & Welfare Trust Fund v. Temecula Mech., Inc*, 438 F. Supp. 2d 1156, 1172 (C.D. Cal. 2006) (allowing leave to amend despite lack of specificity of money damages because plaintiffs lacked access to the necessary data in defendants' possession); *Natomas Gardens Inv. Grp, LLC v. Sinandinos*, 710 F. Supp. 2d 1008, 1019 (E.D. Cal. 2010) (finding "that at the pleading stage it is only necessary for plaintiffs to allege an amount of money that is capable of identification" (quotation marks omitted)).

Plaintiffs have sufficiently alleged facts to satisfy the elements of a conversion claim against Wolfe.

**2.    Undue Prejudice**

7

Next, Wolfe argues that the addition of the conversion claim will result in undue prejudice. Wolfe asserts that Plaintiffs seek to add this claim after eight months of litigation, but present no newly-discovered facts to support it. He also states that the new claim will force him to issue supplemental discovery requests and devise a strategic response to the new legal theory. According to Wolfe, this additional preparation for litigation amounts to undue prejudice.

In some circumstances, the need to conduct further discovery or the addition of new legal theories can amount to undue prejudice. *See, e.g.*, *Irise v. Axure Software Solutions, Inc.*, No. CV 08-03601 SJO (JWJx), 2009 WL 3615973, at *4 (C.D. Cal. July 30, 2009) (finding plaintiff would be unduly prejudiced by having to prepare new lines of argument two months before trial). Here, the court does not find that Wolfe would be unduly prejudiced by the addition of a conversion claim. Discovery will continue for two months, and trial is nearly six months away. It is unlikely that Wolfe will have to conduct significant additional discovery relevant to this claim as he already possesses the necessary evidence, such as Olivers' financial records. Moreover, addition of the conversion claim will not result in a significant shift of case theory and preparation; the same transactions and events underlying the original claims are also central to the conversion claim.

**3.   Court Order**

Defendant also argues that Plaintiffs' conversion claim does not comply with the court's March 26, 2014 order regarding the amendment of pleadings. Defendant argues that the order does not allow Plaintiffs to introduce new claims that are not related to the original causes of action. However, the order directed the parties to bring claims or remedies that would lead to a determination of the parties' ownership interests in Olivers in their amended pleadings. (March 26, 2014 Order 1-2.) It did not place restrictions on the type of claims that could be added.

In sum, because Plaintiffs' conversion claim against Wolfe is not futile, and would not unduly prejudice Wolfe or violate the court's order, the court grants Plaintiffs leave to amend to add this claim.

**D.   Conversion Claim Against E&R**

Plaintiffs next move to add E&R as a defendant and to bring a conversion claim against the firm. Plaintiffs' proposed conversion claim against E&R is based upon their allegations that Wolfe

8

wrongfully used Olivers' funds to pay E&R to pursue Wolfe's personal agenda in this litigation, and that E&R knowingly accepted funds that did not belong to Wolfe. (Proposed SAC ¶¶ 127, 128.)

Wolfe argues that the court should not grant leave to add E&R because it will result in undue prejudice. Specifically, Wolfe argues that the addition of his counsel as a defendant will create a conflict of interest between them, forcing E&R to "strike an impossible balance between defending the Conversion claim brought against it and continuing to represent Defendant in this litigation." (Def.'s Opp'n 4.) In response, Plaintiffs assert that adding E&R as a defendant will not prejudice Wolfe because E&R is not Wolfe's "primary counsel." Plaintiffs argue that a lawyer from another firm is designated as lead trial counsel in this matter, and has filed the pleadings and motions for Wolfe.

Plaintiffs' argument is unpersuasive. Undue prejudice will arise from the potential for a conflict of interest between Wolfe and his lawyers. If E&R is added as a defendant, it would likely have to withdraw from representing Wolfe. This is because E&R's duty of loyalty to its client, Wolfe, would likely be compromised if it had to defend its interests while simultaneously representing Wolfe. Further, it is difficult to see how E&R could offer evidence or testify on its behalf without violating its duty to maintain attorney-client privilege as to its communications with Wolfe. *See* Cal. R. Prof. Conduct 3-100(A). It is of little import that Wolfe has other counsel of record, as Plaintiffs have presented no evidence about the respective roles of defense counsel in this litigation. Given the prejudice that would result from adding E&R as a defendant at this point in the litigation, the court denies leave to amend the FAC to add a conversion claim against E&R.[3] *See Eminence Capital*, 316 F.3d at 1052 (finding "consideration of prejudice to the opposing party . . . carries the greatest weight.").

**E.    Declaratory Relief**

Finally, Plaintiffs seek leave to add a claim for declaratory relief, stating that they are entitled to a declaratory judgment determining that their partnership interests are either 60% as a whole or 25% each. (Proposed SAC ¶ 133.) Defendant does not oppose the addition of this claim.

---

[3] Wolfe also appears to argue that a conversion claim against E&R would be futile because Plaintiffs cannot allege an exclusive interest in Olivers' funds and have not stated a specific sum. This argument is without merit for the same reasons discussed above.

Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from" the conflict underlying the lawsuit. *Tech. & Intellectual Prop. Strategies Grp. PC v. Fthenakis*, No. C 11-2373 MEJ, 2011 WL 3501690, at *10 (N.D. Cal. Aug. 10, 2011) (quoting *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986)). Here, if the trier of fact concludes that there was no valid contract between the parties, declaratory relief will "serve a useful purpose" in clarifying the parties' ownership interests in Olivers. Accordingly, the court grants Plaintiffs leave to amend the FAC to add a claim for declaratory relief.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend the FAC is granted in part and denied in part. Plaintiffs are granted leave to file a second amended complaint consistent with this order within seven (7) days of this order.

Dated: August 6, 2014



_____
DONNA M. RYU
United States Magistrate Judge